Wyly, J.
Plaintiff, .a creditor of the succession of E. P. Overby sues the defendant, its legal representative, on a note of deceased for $1050; he also sues to annul the sale of the lands described in the *600 petition, wliicli were sold pursuant to an order of the parisli court having jurisdiction of said succession, on twenty-eighth January, 1871. The grounds of nullity are :
First — That at the time the order of sale was granted and at the time of the sale, the defendant, the public administrator, only held provisional administration of the succession of E. P. Overby, pending a contest for the administration between Gr. W. Kimbrough and Mrs. M. E. Overby; that while thus holding, a sale ordered to be made by the parish court was an absolute nullity.
Second — That the inventory under which the lands were sold was not the first inventory, but one made by order of the court a few days before the sale.
Third — That the lands were not surveyed and sold in lots as required by the constitution.
It is true a survey of the lands was not made, but they were divided up into lots as required bylaw, and the lots were appraised separately; the lots were described according to the survey made by the government, and the sale was made in lots. This was sufficient. The fact that the lands were sold under the last inventory made by order of the court, is no ground for annulling the sale.
The public administrator was administering the succession, and the order of the court having jurisdiction of the succession directing the sale, has not been appealed from, and it was not an absolute nullity. Purchasers in good faith need not look beyond the order of sale made by a court having jurisdiction of the succession. They are not affected by antecedent irregularities. The jurisprudence on this point is settled.
We regard the sale as valid, and conclude that the demand to annul it is not well founded. Plaintiff, however, is entitled to judgment on the note to be paid in due course of administration.
The note is not prescribed. The name of the former administrator indorsed on it on twenty-eighth December, 1868, and the placing of this claim on the tableau arrested the current of prescription, and it has not since acquired.
It is therefore ordered that the judgment appealed from be annulled,, and it is decreed that the demand to annul the sale of the lands de scribed in the petition be rejected. It is ordered that plaintiff recover judgment against the succession of E. P. Overby for one thousand and fifty dollars, with eight per cent, interest thereon from first January, 1865, to be paid in due course of administration. It is further ordered that said succession pay costs in both courts.
Rehearing refused.